**EFILED Document**
**CO Arapahoe County District Court 18th JD**
**Filing Date: Oct 15 2012 01:46PM MDT**
**Filing ID: 46977360**
**Review Clerk: Janet Hanes**

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>Court Address:<br>7325 South Potomac Street<br>Centennial, Colorado 80112 | |
| **Plaintiffs: Farrah Soudani;Carol Baker;Yousef Gharbi,** a minor child by and through his parents and natural guardians **Hadj Ali Gharbi and Amee Gharbi; Julia Lauren Vojtsek; Mike White, Jr.; Michael White, Sr.,** individually and as the parent and natural guardian of **Paula Adams,** a minor child; **Joe Popovich, Jr**., a minor child by and through his parents and natural guardians **Joseph Popovich and Kathleen Popovich;Brendan Popovich,** a minor child by and through his parents and natural guardians **Joseph Popovich and Kathleen Popovich;**<br><br>v<br><br>**Defendants: Century Theaters, Inc.; Cinemark USA, Inc., d/b/a Century Aurora 16; Retail Property Trust; Simon Property Group, L.P.; Simon Property Group, Inc.; SPG Properties, Inc., f/k/a Simon Debartolo Group, Inc.; Nathan R. Crowdes,** an individual**; Jennifer A. Strensrud,** an individual**; and John Does 1 through 10** | ▲ COURT USE ONLY▲<br><br>_____<br>Case Number:<br><br>Div.        Ctrm: |
| Attorney for Plaintiffs<br>Corey T. Zurbuch, Att. Reg.#38750<br>Frascona, Joiner, Goodman and Greenstein, P.C.<br>4750 Table Mesa Drive<br>Boulder, Colorado 80305<br>Phone Number:  303-494-3000     Fax #:  303-494-6309<br>E-mail: *corey@frascona.com*<br><br>Marc Jay Bern, Esq.<br>*Pro Hac Vice Admission Pending*<br>Napoli Bern Ripka Shkolnik & Associates, LLP<br>350 Fifth Avenue, Suite 7413<br>New York, New York 10118<br>Telephone: 212-267-3700; Cell: 516-361-4909<br>Facsimile: 212-587-0031 | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs, Farrah Soudani, Carol Baker, Yousef Gharbi, a minor child by and through his parents and natural guardians Hadj Ali Gharbi and Amee Gharbi, Julia Lauren Vojtsek, Mike White, Jr., Michael White, Sr., individually and as the as parent and natural guardian of Paula Adams, a minor, Joe Popovich, Jr., a minor, by and through Joseph Popovich and Kathleen Popovich, his parents and natural guardians; Brendan Popovich, a minor, by and through Joseph Popovich and Kathleen Popovich, his parents and natural guardians, through their undersigned counsel, and pursuant to C.R.C.P. 25(a), respectfully submit the following Complaint and Jury Trial Demand and respectfully state as follows:

## PARTIES

1. Plaintiff Farrah Soudani, is a natural person and a citizen of the State of Colorado, who presently resides at 11532 East Dakota Avenue, Aurora, CO 80012.

2. Plaintiff Carol Baker, is a natural person and a citizen of the State of Colorado, who presently resides at 14701 E. Tennessee Drive, #114, Aurora, CO 80012.

3. Plaintiff Yousef Gharbi, is a natural person and a citizen of the State of Colorado, who presently resides at 380 South Quebec Street, Denver, CO 80231. Plaintiff Yousef Gharbi is the minor child of Hadj Ali Gharbi and Amee Gharbi who bring this action on behalf of their child as parents and natural guardians.

4. Plaintiff Julia Lauren Vojtsek, is a natural person and a citizen of the State of Illinoi who presently resides at 1501 East Gardner Lane, Apt. #112, Peoria Heights, IL 61616.

5. Plaintiff Mike White, Jr., is a natural person and a citizen of the State of Colorado, who presently resides at 17060 E. Adriatic Drive, Apt BGL8, Aurora, CO 80013.

6. Plaintiff Michael White, Sr., is a natural person and a citizen of the State of Colorado, who presently resides at 14701 E. Tennessee Drive, #114, Aurora, CO 80012.

7. Plaintiff Paula Adams, is a natural person and a citizen of the State of Colorado, who presently resides at 2311 S. Jamaica Street, Aurora, CO 80014. Plaintiff Paula Adams is the minor child of Michael White Sr. who brings this action on behalf of his child as parent and natural guardian.

8. Plaintiff Joe Popovich, is a natural person and a citizen of the State of New Jersey, who presently resides at 96 Westminster Road, Chatham, NJ 07928. Plaintiff Joe Popovich is the minor child of Joseph Popovich and Kathleen Popovich who bring this action on behalf of their child as parents and natural guardians.

9. Plaintiff Brendan Popovich, is a natural person and a citizen of the State of New Jersey, who presently resides at 96 Westminster Road, Chatham, NJ 07928. Plaintiff Joe

2

Popovich is the minor child of Joseph Popovich and Kathleen Popovich who bring this action on behalf of their child as parents and natural guardians.

10. Defendant Century Theaters, Inc. is a California Corporation with its principal place of business at 3900 Dallas Pkwy, Suite 500, Plano, Texas 95093, and which regularly conducts business at various locations, including at Aurora Mall, 14200-14300 E. Alameda Avenue, Aurora, Colorado, 80012.

11. Defendant Cinemark USA, Inc. d/b/a Century Aurora 16 is a Texas Corporation with its principal place of business at 3900 Dallas Pkwy, Suite 500, Plano, Texas 95093, and which regularly conducts business at various locations, including at Aurora Mall, 14200-14300 E. Alameda Avenue, Aurora, Colorado, 80012.

12. Defendant Retail Property Trust is an Indiana Corporation located at 115 W. Washington St., Suite 15 East, Indianapolis, Indiana 46204, and which regularly conducts business at various locations, including at Aurora Mall, 14200-14300 E. Alameda Avenue, Aurora, Colorado, 80012.

13. Defendant Simon Property Group, L.P. is a Delaware Corporation located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801, and which regularly conducts business at various locations, including at Aurora Mall, 14200-14300 E. Alameda Avenue, Aurora, Colorado, 80012.

14. Defendant Simon Property Group, Inc. is a Delaware Corporation located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801, and which regularly conducts business at various locations, including at Aurora Mall, 14200-14300 E. Alameda Avenue, Aurora, Colorado, 80012.

15. Defendant SPG Properties, Inc. f/k/a Simon Property Group, Inc. f/k/a Simon Debartolo Group, Inc. is a Maryland Corporation with its principal place of business at 36 S. Pennsylvania Street Suite 700, Indianapolis, Indiana, 46204, and which regularly conducts business at various locations, including at Aurora Mall, 14200-14300 E. Alameda Avenue, Aurora, Colorado, 80012.

16. Defendant Nathan R. Crowdes, a natural person and citizen of the State of Colorado who resides in Aurora, Denver, Co.

17. Defendant Jennifer A. Stensrud, a natural person and citizen of the State of Colorado who resides in Aurora, Denver, Co.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction over this claim for personal injuries which arise out of the dangerous condition of Defendants' premises and their negligent conduct, located and occurring in Arapahoe County, Colorado.

19.     Pursuant to C.R.C.P. 98, venue is proper in this Court as it is the county where Defendants regularly conduct business; the subject premises is located; and wherein Plaintiffs were injured.

## GENERAL ALLEGATIONS

20.     At all pertinent times, all Defendants owned, operated and/or maintained the Century Aurora 16 movie theater which is located at Aurora Mall, 14200-14300 E. Alameda Avenue, Aurora, Colorado.

21.     At all times pertinent to this complaint, Defendant, Nathan R. Crowdes was employed as the General Manager of the Century Aurora 16 movie theater by Defendant Cinemark USA, Inc. d/b/a Century Aurora 16 and acting within the course and scope of his employment with Defendant Cinemark USA, Inc. d/b/a Century Aurora 16. In this capacity, Nathan R. Crowdes was responsible for the day to day operations involved in running the movie theater.

22.     At all times pertinent to this complaint, Defendant, Jennifer A. Stensrud was employed as a Manager of the Century Aurora 16 movie theater by defendant Cinemark USA, Inc. d/b/a Century Aurora 16 and acting within the course and scope of her employment with Defendant Cinemark USA, Inc. d/b/a Century Aurora 16.  In this capacity, Jennifer A. Stensrud was responsible for the day to day operations involved in running the movie theater.

23.     At all pertinent times, Plaintiffs were paying customers at the Century Aurora 16 movie theater (alternatively, "the subject premises") and was lawfully on the subject premises.

24.     At all pertinent times, the subject premises was under the care, custody and control of all Defendants.

25.     At all pertinent times said premises posed an unreasonably dangerous risk to paying customers such as Plaintiffs because Defendants had failed to ensure that the subject premises were safe and secure for its paying customers and were free of the violent crime and the risk of violent crime.

26.     Prior to July 20, 2102, Defendants were on notice that the subject premises posed an unreasonably dangerous risk to paying customers because it had previously been the site of shootings, robberies and assaults.

27. Defendants were aware that past incidents of criminal activities and disturbances had taken place at the theater primarily in the evening hours.

28. According to an August 16, 2012, New York Times report, Betsy Davis the charge nurse at the University of Colorado Hospital reported that there had been gang shooting before at the Defendants' theater.

29. In response to such knowledge of the criminal and violent conduct taking place on Defendant's premises, Defendants had at times hired off-duty City of Aurora police officers and various other security personnel to work Friday and Saturday nights.

30. Defendants advertised and sold tickets to the July 20, 2012 midnight premier of the movie "The Dark Knight Rises" ("the subject movie"). Defendants arranged to show the subject movie in two theaters in anticipation of many patrons, including Auditorium 9.

31. Auditorium 9 was equipped with an emergency exit door leading to the theater parking lot. Prior to July 20, 2102, defendants were aware that patrons and other persons could enter and leave through this exit door without sounding any alarm and/or without detection by security personnel or theater staff.

32. Prior to midnight on July 20, 2012, Plaintiffs purchased tickets for the July 20, 2012, 12:05 a.m. showing of "the subject movie" which was playing at the subject premises. Plaintiffs entered Auditorium 9 to watch the movie with the other patrons in the theater.

33. A person, alleged to be James Holmes, also purchased a ticket to the subject movie, and entered the theater on the subject premises. This person shall be referred to hereinafter as "Assailant".

34. No security personnel were present at the time the showing of the subject movie having been hired only for a period of time when the box office cash was being transferred.

35. Upon entering Auditorium 9, the Assailant then exited through the emergency exit door leading to the theater parking lot. The door was either not equipped with an alarm, or was equipped with a non-functioning alarm, and thus an alarm did not sound when he used the emergency exit. The Assailant then propped open the emergency exit door so that he could re-enter through it. No alarm sounded while the door was propped open to alert patrons nor were any security personnel or other theater staff present to see that the door was propped open and that the Assailant was moving in and out of the door to retrieve an arsenal of weapons and ammunition from his car that he had parked near the door, despite the length of time this activity was taking place.

36. At approximately 12:30 p.m. on July 20, 2012, while the subject movie was playing, the Assailant re-entered the theater showing the subject move on the subject premises through the propped-open emergency exit. Upon entering the subject premises, the Assailant

5

wielded various weapons and a semi-automatic assault rifle and began shooting the movie theater patrons among other things.

37. All through the incident, the movie continued to play, and the houselights remained very low or off.

38. There was no alarm activated during the many minutes while the Assailant was inside the theater shooting people.

39. No action taken by theater employees to safely evacuate the many people left in Auditorium 9.

40. The Assailant continued shooting throughout the Auditorium until eventually his weapon jammed and the shooting stopped. He then walked back out of the theater through the same door he used to enter, and sat in his car.

41. No security personnel and no employee intervened during the entirety of the incident.

42. Plaintiffs Farrah Soudani, Yousef Gharbi, Julia Lauren Vojtsek, Mike White, Jr. and Joe Popovich were shot by the Assailant while in Auditorium 9, and suffered injuries as well as damages and harm alleged herein.

43. Plaintiffs Carol Baker, Michael White, Sr., Paula Adams, and Brendan Popovich were present in Auditorium 9 during the Assailant's shooting spree and in the zone of danger of physical impact therefrom. The Defendants' negligence caused Plaintiffs to be put in fear for their own safety and such fear was shown by physical consequences or long continued emotional disturbance rather than only momentary fright, shock, or other similar and immediate emotional disturbance. The Plaintiffs' fear caused them injuries and damages alleged herein.

**FIRST CAUSE OF ACTION**
**(Premises Liability Against All Corporation Defendants)**

44. Plaintiffs incorporate by reference and reallege the previous paragraphs of this complaint.

45. At all pertinent times, Defendants were "landowners" operating and maintaining the subject theater premises within the meaning of the Colorado Premises Liability Act, C.R.S. § 13-12-115.

46. At all pertinent times, Plaintiffs were "invitees" as to Defendants and the subject premises within the meaning of the Colorado Premises Liability Act, C.R.S. § 13-12-115 as paying customers of Defendants attending the subject moving showing.

47. As such, Defendants had a duty of reasonable care to protect Plaintiffs, and others like them, against dangers of which Defendants actually knew or should have known, pursuant to C.R.S. § 13-15-115(3)(c)(I). Those dangers included the fact of dangerous and criminal activity that had previously taken place at the theater.

48. Defendants breached this duty when it failed to engage in reasonable efforts to inspect the premises and to make the subject premises safe and consequently created and perpetuated an unreasonable risk of injury to persons lawfully on the premises such as Plaintiffs.

49. Defendants failed to use reasonable care in the inspection, management and/or maintenance of the subject premises (as set forth herein), and the operation of the activities on the premises, including but not limited:

a. to failing to ensure that alarms would sound when the emergency exits on the subject premises were opened and/or activated;

b. failing to ensure that the emergency exit doors within the theater could not be propped open so as to come and go on to the premises as they pleased, including when the auditoriums were darkened and when movies were in progress;

c. failing to properly train employees or provide reasonable surveillance procedures including, but not limited to, surveillance devices, monitors, cameras and human surveillance or monitoring of suspicious activity;

d. failing to establish and/or failing to enforce an adequate inspection protocol of the premises and/or failing to conduct adequate inspection of the premises during times when movies are showing and beforehand;

e. failing to provide adequate security to protect invitees such as Plaintiffs from the unreasonable risk of violent crime of which Defendants were on notice before July 20, 2012;

e. Failing to develop, establish and institute adequate emergency or first-aid response and evacuation plans and procedures for patrons in the theater in the event circumstances called for such procedures and failing to properly train employees in emergency, crisis and first-aid response and evacuation procedures.

50. As a direct and proximate result of these dangerous conditions, Plaintiffs, Farrah Soudani, Yousef Gharbi, Julia Lauren Vojtsek, Mike White, Jr. and Joe Popovich were severely injured and suffered non-economic damages, losses and injuries, including extreme physical, mental and emotional pain and suffering, emotional distress, impairment and/or loss of enjoyment of life, fear and embarrassment.

51. As a direct and proximate result of these dangerous conditions, Plaintiff, Farrah Soudani, Yousef Gharbi, Julia Lauren Vojtsek, Mike White, Jr. and Joe Popovich suffered

7

economic damages, losses and injuries, including medical expenses, lost wages (past and future), lost economic opportunities (past and future), out-of-pocket expenses and rehabilitation expenses.

52. As a direct and proximate result of these dangerous conditions, Plaintiff, Farrah Soudani, Yousef Gharbi, Julia Lauren Vojtsek, Mike White, Jr. and Joe Popovich also suffered significant disfigurement, and permanent physical impairment.

53. As a direct and proximate result of these dangerous conditions, Plaintiffs Carol Baker, Michael White, Sr., Paula Adams and Brendan Popovich suffered non-economic damages, losses and injuries, including extreme physical, mental and emotional pain and suffering, emotional distress, impairment and/or loss of enjoyment of life, fear and embarrassment.

54. As a direct and proximate result of these dangerous conditions, Plaintiffs Carol Baker, Michael White, Sr., Paula Adams and Brendan Popovich suffered economic damages, losses and injuries, including medical expenses, lost wages (past and future), lost economic opportunities (past and future), out-of-pocket expenses and rehabilitation expenses.

## SECOND CAUSE OF ACTION
(Negligence Against All Defendants)

55. Plaintiffs incorporate by reference and reallege the previous paragraphs of this complaint.

56. Defendants had a duty to persons they invited on to the subject property, such as Plaintiffs, to operate their theater business with reasonable care so as to avoid causing or increasing the risk of harm to their patrons, to maintain the subject premises in a safe condition, and to take reasonable measures to protect their customers from the consequences of foreseeable criminal acts on the part of unknown third parties.

57. Defendants breached its duty to Plaintiffs when they failed to adequately and properly ensure that their theater business was operated in a reasonable manner so to avoid patron injury and the subject premises were reasonably safe from violent crime, which risk Defendants knew existed in regards to invitees and/or customers on their property. Defendants specifically:

a. failed to inspect and/or adequately inspect and ensure that the subject premises was adequately guarded, secure and safe from unauthorized use of the premises as described herein;

b. failed to ensure that alarms would sound when the emergency exits on the subject premises were opened and/or activated;

      c.      failed to take steps to make sure emergency exit doors could not be propped open and used as an egress and ingress into the theater;

      d.      failed to employ sufficient staff to monitor all ingresses and egresses;

      e.      failed to establish policies to monitor all ingresses and egresses and/or enforce such policies and to adequately train their staff to appropriately monitor all ingresses and egresses;

      f.      failed to provide appropriate security on and within the premises as well as generally failed to adequately secure the premises;

      g.      failed to use reasonable care under the circumstances to discover the foreseeable dangerous conditions of said premises and to correct same or to warn invitees and/or customers of their existence, as well as other potential risks known to Defendants and of which Defendants were on notice of, when attending movie showings at their theater;

      h.      failed to properly train employees or provide reasonable surveillance procedures including, but not limited to, surveillance devices, monitors, cameras and human surveillance or monitoring of suspicious activity;

      i.      failed to develop, establish and institute adequate emergency or first-aid response and evacuation plans and procedures for patrons in the theater in the event circumstances called for such procedures; and

      j.      failed to properly train employees in emergency, crisis and first-aid response and evacuation procedures.

58.      At all times material to this complaint, defendants, Nathan R. Crowdes and Jennifer A. Stensrud, were employees of defendant Cinemark USA, Inc. d/b/a Century Aurora 16 acting within the course and scope of their employment with Defendant Cinemark USA, Inc. d/b/a Century Aurora 16.

59.      Defendants, Nathan R. Crowdes and Jennifer A. Stensrud, received monetary compensation from Defendant Cinemark USA, Inc. d/b/a Century Aurora 16, in exchange for the work performed as described herein, and these employees performed the work as described herein in the transaction and furtherance of the business of defendants.

60.      At law, the actions or omissions of all corporate employees while acting within the scope of their employment, are, the acts or omissions of the defendant corporation.

61.      Defendant, Defendant Cinemark USA, Inc. d/b/a Century Aurora 16 is vicariously liable for the actions and inactions of its employees, Nathan R. Crowdes and Jennifer A. Stensrud.

62. As a direct, proximate and foreseeable result of the actions and inactions of Defendants, Nathan R. Crowdes and Jennifer A. Stensrud, employees of the Defendant, Defendant Cinemark USA, Inc. d/b/a Century Aurora 16, the Plaintiffs suffered those damages, injuries and losses heretofore stated.

63. As a direct and proximate result of Defendants' failure to exercise reasonable care with respect to the dangers existing on their property and the operation of their business and to protect against such dangers, Plaintiffs suffered those personal injuries as more fully set forth in in this Complaint.

### DAMAGES

64. The Defendants' above-alleged wrongful conduct caused the injuries and damages to the Plaintiffs, including but not limited to: past and future economic damages, including but not limited to medical and related expenses; lost wages; loss of earning capacity; past and future non-economic damages, including but not limited to bodily injury of a serious and permanent nature; pain and suffering; permanent physical disability; inconvenience; emotional stress; anxiety; loss of enjoyment of life; impairment of the quality of life; any and all other consequential losses arising from Defendants' wrongful conduct as provided by law.

### LEAVE TO AMEND

65. Plaintiffs anticipate that additional parties and addition material facts may become known as discovery progresses and respectfully reserve their right to seek leave to amend this Complaint to add or delete any claims or parties after discovery reveals the facts regarding same in accordance with the Colorado Rules of Civil Procedure. This includes, but is not limited to, specifically identifying any other individuals or entities that participated in the wrongful conduct and/or were responsible for the condition of the subject premises. Plaintiffs also reserve the right to include a claim for exemplary damages if facts supporting same are uncovered through discovery or otherwise.

WHEREFORE, Plaintiffs respectfully request damages against the Defendants as follows:

A. Compensatory damages as proven.
B. Costs of suit according to law, including but not limited to expert witness fees.
C. Attorney fees according to law for attorney time expended as a result of any frivolous position that may be taken Defendants, or on its behalf, during the course of this litigation, including but not limited to groundlessly denying negligence or asserting any substantially groundless affirmative defense.
D. Post-judgment interest pursuant to applicable law.
E. Such other and further relief as the Court deems fit.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury in the above cause, on all issues so triable.

Dated: October 15, 2012.

        Respectfully submitted,
        Frascona, Joiner, Goodman and Greenstein, P.C.

        */s/Corey T. Zurbuch*
        _____
        Corey T. Zurbuch, No. 38750
        4750 Table Mesa Drive
        Boulder, Colorado 80305-5500
        (303) 494-3000
        *Counsel for Plaintiffs*


        -and-

        Napoli Bern Ripka & Associates, LLP

        */s/Marc Jay Bern*
        _____
        Marc Jay Bern, Esq.
        *Pro Hac Vice Pending*
        Tate J. Kunkle, Esq.
        *Pro Hac Vice Pending*
        350 Fifth Avenue, Suite 7413
        New York, New York 10118
        Telephone: 212-267-3700 Cell: 516-361-4909
        Facsimile: 212-587-0031
        *Counsel for Plaintiffs*